

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/12/2010

| | | |
|---|---|---|
| IN RE: § | | |
| YAGHOOB JAKE TARKBAF § | CASE NO: 09-33790 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| PNK (LAKE CHARLES), L.L.C.; dba § | | |
| L'AUBERGE DU LAC § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 09-3347 | |
| § | | |
| YAGHOOB JAKE TARKBAF § | | |
| Defendant(s) § | | |

## MEMORANDUM CONCLUSIONS OF LAW

Debtor, a Texas resident, went to Louisiana and borrowed $12,000 to gamble at L'auberge du Lac casino. Presumably Debtor's gambling was not profitable, because he did not pay the debt. After Debtor filed a voluntary petition commencing this bankruptcy case under chapter 7 of the Bankruptcy Code, the casino filed a complaint alleging that the debt is not dischargeable in bankruptcy. The complaint asserts that the debt is established by the "markers" and that the debt is nondischargeable because Debtor allegedly committed fraud by signing markers while allegedly knowing that he would be unable to pay them. This Court concludes that it is bound by circuit court authority and (by separate final judgment issued this date) grants Debtor's motion to dismiss.

ISSUE PRESENTED

This is not the first time that Plaintiff has presented this issue. In *PNK v. Guerva,* 409 B.R. 442 (Bankr. S.D. Tex. 2009) the same Plaintiff presented the same issue, but with respect to a different debtor. The Court read *Carnival Leisure Industries, Ltd. v. Aubin (Aubin I)* 938 F.2d 624 (5th Cir. 1991) and *Carnival Leisure Industries, Ltd. v. Aubin (Aubin II)* 53 F.3d 716 (5th Cir. 1995) and concluded that under allegations almost identical to the instant case, there was no enforceable debt and therefore the Court dismissed Plaintiff's complaint. Plaintiff did not take an appeal and that judgment is final.

Plaintiff then presented the same issue by filing this adversary proceeding two months later. Shortly prior to the pretrial conference, quite by accident, this Court learned that the United States District Court for the Southern District of Texas had reached a different result in an unpublished opinion, *Jazz Casino Company v. Rhodes* Civil Action Number 02-2449 (2003). Having learned this, the Court asked the parties in this adversary proceeding to file supplemental

memoranda to assist the Court in determining whether the law had changed, whether there was some significant difference among the cases, or whether the Court had simply missed something when it issued the *Guerva* opinion and order.

## CONCLUSION

Having read the pleadings and the memoranda, the Court understands the arguments made by Plaintiff, but the Court does not find those arguments to be persuasive. The Court cannot reconcile *Jazz Casino* with the *Aubin* cases. Nor can the Court distinguish the instant adversary proceeding from *Guerva*.

The fundamental determination is whether a choice of Louisiana law in a contract for a loan from a Louisiana casino overrides Texas public policy against enforcement of gambling debts when the creditor seeks to enforce the debt in Texas against a Texas resident. This Court reads *Aubin I* to say that Texas public policy prevails when the check or draft is presented to a Texas bank for payment.[1] And *Aubin II* says that the complaint does not become a winner merely by alleging fraud.

*Jazz Casino* seems to say that the Louisiana choice of law prevails, but that seems to be in conflict with footnote 2 of *Aubin I*.

At this level, this Court cannot resolve the issue. Therefore, this Court will stand by its prior analysis until a higher court gives a decision that resolves the conflict.

No doubt, the proximity of Louisiana casinos to the Texas border makes this a serious issue. It might be best to ask the 5th Circuit to resolve the apparent conflict. Therefore, if requested, this Court would certify a direct appeal. But for the present, this Court adopts its earlier analysis in *Guerva* and grants the motion to dismiss.

SIGNED 01/12/2010.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge

---

[1] *See* footnote 2 of the *Aubin I* opinion. "It is noteworthy … that the Texas Supreme Court has stated that where collection of the gambling debt entails the cashing of a check (inferentially of a Texas resident) on a Texas bank, Texas courts apply Texas law."